# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WAYNE ELLIOTT WILKERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:07CV802 |
| | ) | |
| THEODIS BECK, Secretary of the | ) | |
| Department of Correction, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Wayne Elliott Wilkerson, a prisoner of the State of North Carolina, on February 9, 2006, in the Superior Court of Durham County, pled guilty to common law mayhem. Judge Michael R. Morgan sentenced him to 10-12 months in prison, suspended for two years with supervised probation. Petitioner was represented before the trial court by attorney Karen Bethea-Shield. Petitioner filed no direct appeal from his conviction and sentence.

On January 29, 2007, Petitioner Wilkerson filed a *pro se* Motion for Appropriate Relief ("MAR") in Durham County Superior Court. Judge Orlando F. Hudson, Jr. summarily denied the MAR on February 7, 2007. Petitioner filed a *pro se* certiorari petition in the North Carolina Court of Appeals on March 26, 2007. Certiorari was denied on April 9, 2007.

Petitioner then filed a *pro se* certiorari petition in the Supreme Court of North Carolina on May 2, 2007. The petition was dismissed on August 29, 2007.

Petitioner Wilkerson filed his *pro se* habeas corpus petition in this Court on October 19, 2007, which he had dated October 15. The Court directed Respondent Theodis Beck ("the State") to respond to the petition and, on November 7, 2007, the State filed a motion to dismiss the petition as time-barred. Petitioner has responded in opposition to the motion to dismiss.

Claims of the Petition

In his habeas corpus petition, Petitioner Wilkerson contends that: (1) he was falsely charged with common law mayhem by Detective Harris of the Durham Police Department, who discriminated against him and unlawfully arrested him; (2) he received ineffective assistance of counsel and was denied due process; (3) his due process rights were violated because he was taken to the Durham County Magistrate's office in his hospital gown without having his *Miranda* rights read to him three days after life-saving surgery and he was falsely charged based upon false statements of Willie Barkley; and (4) the trial court prejudiced him by using false information and he was discriminated against in violation of his equal protection rights.

Discussion

As a threshold defense, the State contends that the habeas petition of Wayne Elliott Wilkerson should be dismissed as time-barred under the one-year statute of limitations

applicable to habeas actions. *See* 28 U.S.C. § 2244(d). For reasons set forth below, the Court concludes that the State's argument is well-taken, and that this action should be dismissed pursuant to § 2244(d).

Petitioner Wilkerson's federal habeas petition was due within one year of the date his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). In this case, Petitioner's conviction became final on February 9, 2006, when judgment was entered pursuant to his guilty plea, he was given a presumptive-range sentence, and he did not appeal.[1] Therefore, Petitioner had until February 9, 2007, in which to file a timely habeas petition in federal court. He did not file his petition until October 15, 2007.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Petitioner Wilkerson filed his MAR on January 29, 2007. By that date, the habeas statute of limitations had been running since February 9, 2006 – for a total of 354 days. Petitioner's MAR was denied within days by the Superior Court, and Petitioner requested certiorari review by the North Carolina Court of Appeals. Certiorari was denied on April 9, 2007. Pursuant to 28 U.S.C. § 2244(d)(2), the time between January 29 and April 9, 2007 is not counted toward the one-year habeas statute of limitations. Nonetheless, the statute resumed

---

[1] Petitioner, as shown in the State's brief, did not have the right of appeal from his guilty plea and presumptive-range sentence. Even if this Court were to delay the start-date of the statute of limitations for 14 days, the ordinary time for appeal under state law, *see* N.C.R. of App. P., Rule 4(a)(2), Petitioner's habeas corpus petition in this case would be out-of-time.

running on April 10, 2007, and expired two days later on April 12, 2007, approximately six months before Petitioner filed the habeas petition herein.[2]

Petitioner may contend that his petition for a writ of certiorari to the North Carolina Supreme Court should toll the statute of limitations. However, that petition appears not to have been "properly filed," *see Artuz v. Bennett*, 531 U.S. 4 (2000), because state law generally does not allow for review by the Supreme Court of an MAR. *See* N.C. Gen. Stat. § 7A-28(a). In any event, even if the Court were to calculate the running of the statute to allow a tolling effect to Petitioner's final certiorari petition, Petitioner's last date for filing a federal habeas petition would be extended only to on or about September 9, 2007, eleven days after the August 29, 2007 dismissal of the certiorari petition by the North Carolina Supreme Court. Petitioner's October 15, 2007 filing date in this action would still cause his petition to be untimely.

In response to the State's motion to dismiss, Petitioner requests equitable tolling of the statute of limitations. The Fourth Circuit has held that equitable tolling is not available unless circumstances external to the party's own conduct would render it unconscionable to enforce the limitation period and a gross injustice would result. *See Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). Petitioner cannot meet this high standard in this case. Petitioner asserts that the Department of Correction has been slow in notarizing his legal

---

[2] The April 12, 2007 date appears, under calculations made by the Court, to be the precise date on which the habeas statute of limitations expired in this case. Even if the calculation is inaccurate by a day or two, the result in this case remains the same: the limitations period expired before October 15, 2007, the earliest date on which Petitioner's petition may be deemed filed.

papers, but the Court notes that there is no requirement that a habeas petition be notarized. Petitioner contends that his petition was delayed because he unsuccessfully sought legal help from Prisoner Legal Services. Petitioner has shown in this action, however, that he has an adequate ability to file a habeas petition on his own behalf. Finally, Petitioner contends that he suffers from post-traumatic stress syndrom as a result of the incident that gave rise to his conviction, but, once again, the Court observes that Petitioner has demonstrated in this proceeding the capacity to proceed on his own behalf. In short, Petitioner raises no ground adequate for invocation of the doctrine of equitable tolling. Petitioner's October 15, 2007 petition is untimely under the one-year statute of limitations applicable to habeas corpus petitions, and Petitioner has shown no basis for avoidance of the statute. Accordingly, the petition in this action should be dismissed as time-barred.

Petitioner's motion for appointment of counsel (Pleading No. 7) is denied since Petitioner has shown neither an inability to proceed on his own behalf nor a colorable claim for relief. *See* Habeas Rule 8(c). The Court does not find it to be in the interest of justice to appoint counsel.

## Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that the State's motion to dismiss (Pleading No. 4) be granted and that this action be dismissed with prejudice. **IT IS**

**ORDERED** that Petitioner's motion for appointment of counsel (Pleading No. 7) is **DENIED**.

/s/ P. Trevor Sharp  
United States Magistrate Judge

Date: March 10, 2008